# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| FRIEDMAN'S, INC., et al. | ) | |
| (Chapter 11 Case <u>05-40129</u>) | ) | Number <u>07-4043</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | |
| | ) | |
| ALAN COHEN AS TRUSTEE OF THE | ) | |
| FRIEDMAN'S CREDITOR TRUST | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERNST & YOUNG, LLP, | ) | |
| ERNST & YOUNG CORPORATE | ) | |
| FINANCE, LLC, | ) | |
| (n/k/a Guiliani Capital Advisors, LLC) | ) | |
| and WEDBUSH MORGAN | ) | |
| SECURITIES, INC. | ) | |
| | ) | |
| *Defendants* | ) | |

**FILED**

at 4 O'clock & 14 min P M

Date 6/26/07

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

## <u>ORDER ON MOTION OF ERNST & YOUNG LLP</u>
## <u>FOR STAY PENDING INTERLOCUTORY APPEAL</u>

Defendant Ernst & Young LLP (E&Y) has filed a motion for a stay pending

the appeal of my May 24, 2007, "Memorandum and Order on the Motion of Ernst & Young

LLP and Ernst & Young Corporate Finance LLC to Compel Arbitration and Stay Adversary

Proceeding" (the Order). *See* Dckt. No. 50 (June 4, 2007). The Trustee filed a brief in opposition to E&Y's motion. *See* Dckt. No. 60 (June 18, 2007). In turn, E&Y filed a response brief. *See* Dckt. No. 62 (June 20, 2007).

The Federal Arbitration Act grants a party the right to seek the interlocutory review of a denial of a motion to compel arbitration. *See* 9 U.S.C. § 16(a). The Eleventh Circuit Court of Appeals has characterized this provision as indicative of Congress's acknowledgment that the benefits of arbitration, including the conservation of time and costs, are lost if a case proceeds in both a judicial forum and an arbitral forum. *See* Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004). These considerations favor the granting of a stay of the proceedings in the lower court since "the underlying reasons for allowing immediate appeal of a denial of a motion to compel arbitration are inconsistent with continuation of proceedings in the district court." Id. at 1252. Therefore, a stay of litigation pending the appeal of a denial of a motion to compel arbitration should be granted so long as the appeal is non-frivolous. Id. at 1253. It should be noted that the court's ruling expressly dealt with a stay of a case during discovery, prior to trial. Id. at 1251; *see also* Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997) (concluding that a stay should suspend preparation for trial until the appellate court renders a decision).

2

AO 72A
(Rev. 8/82)

In this case, E&Y has appealed that portion of the Order denying arbitration and a stay as to Counts 3, 4, and 9 of the Trustee's complaint. *See* Dckt. No. 49 (June 4, 2007). In particular, E&Y has focused on language in the Order stating that the Eleventh Circuit's decision in Whiting-Turner Contracting Co. v. Elec. Mach. Enterprises, Inc. (In re Elec. Mach. Enterprises, Inc.), 479 F.3d 791 (11th Cir. 2007) did not answer the question of whether Code-based creditor claims asserted by a Chapter 11 trustee or debtor in possession would be subject to a debtor's pre-petition arbitration agreement. *See* Dckt. No. 45, p. 12 (May 24, 2007). E&Y contends that my comment that this issue remains an "open question" in the Eleventh Circuit renders its appeal as non-frivolous and therefore requires a stay pending appeal. *See* Dckt. No. 50, p. 5 (June 4, 2007).

In light of the broad standard established in Blinco, I conclude that E&Y's appeal is non-frivolous and that a stay of the litigation in this Court is warranted. E&Y's appeal raises issues that are unresolved in this circuit, cannot be said to be wholly without merit, and does not evince an attempt to delay or harass. *See* Pieper v. American Arbitration Ass'n, Inc., 336 F.3d 458, 465 (6th Cir. 2003) (concluding that an appeal was not frivolous where the central issue was one of first impression in the Sixth Circuit); N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987) ("Although the term frivolity is not easily defined, it is generally recognized that an appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes.")

3

AO 72A
(Rev. 8/82)

(quotations omitted).

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that

E&Y's motion for a stay pending the appeal of the Order is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This **26**th day of June, 2007.

AO 72A
(Rev. 8/82)